# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN PETERSEN,<br><br>                Plaintiff,<br><br>vs.<br><br>MASONITE CORPORATION,<br><br>                Defendant. | **8:19CV534**<br><br>**ORDER** |

      This matter is before the Court regarding Defendant's objections to the scope of topics contained in Plaintiff's Notice of Rule 30(b)(6) Deposition of Defendant.

      Beginning in July 2020, the parties have frequently sought the undersigned magistrate judge's assistance with various scheduling and discovery issues. See generally, Filing No. 27 et seq. On November 13, 2020, in order to completely resolve all outstanding written discovery issues so that the case could proceed, the undersigned magistrate judge held a three-hour telephone conference with counsel and went through each and every disputed discovery request. During this conference the Court also worked with counsel to establish new case progression deadlines and admonished the parties that there would be no more extensions. (Filing No. 45).

      The Amended Case Progression Order (Filing No. 46) entered after the November conference set February 1, 2021, as the deposition deadline. On February 1, 2021, Plaintiff's counsel emailed the undersigned magistrate judge requesting a telephone call to discuss his opposed request to extend the deposition deadline. The court took the request up at a telephone conference previously set for February 8. (Ex. F). The Court denied Plaintiff's requested extension of the deposition deadline, in part, but did grant Plaintiff an extension to March 1, to complete a Rule 30(b)(6) deposition of Defendant. (Filing Nos. 49-51).

      On February 12, 2021, Plaintiff filed and served a Notice of Rule 30(b)(6) Deposition containing a list of forty-two topics for the examination. (Filing No. 52; Ex. A). The Rule 30(b)(6) Notice states that the deposition was to commence on February 24, but the parties apparently agreed to schedule the deposition for February 26. On February 18, Defendant sent Plaintiff its letter of objections and request to confer regarding the Rule 30(b)(6) Notice. (Ex. B). On February 22, Plaintiff sent a letter in response. (Ex. C). At 8:56 a.m. on February 23, defense counsel contacted the Court requesting an expedited telephone conference to resolve the parties' disputes

in advance of the deposition scheduled for February 26. The Court promptly replied to Defendant's email request and inquired of both sides' availability for a telephone conference on the issue. (Ex. E). Counsel for Plaintiff did not respond to the Court's emails on February 23 and the Court received no out-of-office bounce back from Plaintiff's counsel. Given the impending February 26 deposition and the Court's repeated admonishment that deadlines would not be extended again, the Court entered a text order at the end of the business day on February 23 setting a telephone conference for 4:00 p.m. on February 24 to resolve Defendant's objections to the Rule 30(b)(6) Notice. (Filing No. 54).

Plaintiff did not respond to any of the Court's emails and did not appear for the telephone conference on February 24. The Court permitted counsel for Defendant to make a record and overruled Defendant's oral request for sanctions. (Filing No. 56). The Court received no communication from Plaintiff's counsel until he sent an email to the Court at 11:20 p.m. on February 24, stating he had been ill. (Ex. G).

Rule 30(b)(6) requires a deposition notice to "describe with reasonable particularity the matters for examination." It further requires "the serving party and the organization [to] confer in good faith about the matters for examination" either "[b]efore or promptly after the notice or subpoena is served[.]" Fed. R. Civ. P. 30(b)(6). Defendant largely objects to the topics in Plaintiff's Notice of Rule 30(b)(6) as being so overbroad and nonspecific that it cannot prepare a witness with knowledge of the requested topics. In general, the Court agrees. Defendant did not object to topics 16-19, 26, and 32. (Ex. B). Defendant also provided its last offered compromise in its discovery dispute chart (Ex. D) submitted to the court in advance of the February 24 conference. Under the circumstances and on the present record, the Court finds that the deposition may proceed as scheduled; Defendant must prepare a witness or witnesses to testify about topics 16-19, 26, and 32, and any other topics as outlined by Defendant's last offered compromise set forth in its discovery dispute chart to the extent feasible in advance of 9:00 a.m. on February 26. The court will sustain Defendant's objections to the remaining topics.

**IT IS SO ORDERED.**

Dated this 25th day of February, 2021.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge